UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE No.: _____

GERALDINE JARAMILLO, an individual,

    Plaintiff,

v.

MAOZ, INC., a Florida corporation; and
MAOZ DRUSKIN, an individual,

    Defendants.
_____/

# COMPLAINT

Plaintiff, Geraldine Jaramillo ("Jaramillo"), files this Complaint and sues Defendants, Maoz, Inc. ("Maoz") and Maoz Druskin ("Druskin") for violations of the Fair Labor Standards Act and Florida's Workers' Compensation Law.

1. This action is brought to recover unpaid minimum wages, overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, other damages, and attorney's fees owed to Plaintiff pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). In addition, Plaintiff brings this suit for damages arising from Defendant Maoz's denial of her right to claim under Florida's Workers' Compensation Law, Chapter 440, *et seq*.

## Parties, Jurisdiction, and Venue

2. Plaintiff Jaramillo is an individual, *sui juris*, and residing in Miami-Dade County, Florida.

3. Defendant Maoz is a Florida corporation, in good standing, and conducting business in Miami-Dade County, Florida.

1

4. Defendant Druskin is an individual, who is *sui juris*, and upon information and belief, residing within the Southern District of Florida.

5. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, as Defendant Maoz is a Florida corporation which maintains offices and regularly conducts business within the Southern District of Florida and the wrongful acts occurred within this District.

## General Allegations

7. Maoz operates various sunglass and optical lens stores in Miami-Dade and Broward counties.

8. Jaramillo was hired by Maoz and began working as a salesperson during February 2017.

9. During August 2017, Jaramillo's position was changed by Maoz and Druskin to store manager; however, her earnings did not exceed the threshold to be considered an exempt employee and at no time did she supervise more than one employee. Essentially, her function and role were always that of a salesperson. Upon information and belief, Maoz and Druskin improperly attempted to characterize Jaramillo's role at the company in a scheme to avoid paying overtime wages owed under the FLSA.

10. Plaintiff was a non-exempt employee of Defendants who was not paid overtime in direct violation of the FLSA within the past three years.

11. Plaintiff was not paid the required statutory minimum wage for hours worked during the last pay period of her employment.

12. Plaintiff was consistently required to work more than 55 hours a week without

proper overtime compensation pursuant to the FLSA throughout the tenure of her employment with Defendants.

13. Defendants maintained electronic time records that are being sought in discovery and may reflect the exact number of hours worked by Plaintiff, to the extent that such records have not been modified by the Defendants.

14. Defendants willfully and intentionally failed to pay the compensation required by the FLSA.

15. At all times material hereto, Druskin, as a shareholder and/or manager of the business, regularly exercised the authority to hire and fire employees, determine the work schedule of Jaramillo, set the rate of pay of employees, and control finances and operations of Defendant Maoz. Druskin controlled all financial aspects of Maoz and its purse strings.  By virtue of such control and authority, Druskin is the Plaintiff's "Employer" as such term is defined by the FLSA.

16. At all relevant times, Plaintiff was the "Employee" of Defendants within the meaning of the FLSA.

17. At all material times Defendants continued to be "engaged in commerce" within the meaning of 29 U.S.C. § 207(a)(1) of the FLSA.

18. At all relevant times, Plaintiff was employed by Defendants for a work week in excess of forty (40) hours.

19. Plaintiff was not paid the required statutory wage for hours worked over forty (40) in one week.

20. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA in that Defendants intentionally and willfully altered the Plaintiff's time records, Plaintiff's title at Maoz, and tendered a portion of her compensation in cash in order to

avoid the overtime provisions of the FLSA.

21. Further, on or about October 18, 2019, Plaintiff was injured on Maoz's work premises when a heavy wooden box containing inventory and other supplies crashed down on Plaintiff's foot.

22. As a result of her injuries, Plaintiff had to be transported by ambulance from the jobsite to Homestead Hospital.

23. Plaintiff advised the Defendants on the date of the accident of her worksite injuries and requested that a claim be filed with Maoz's workmen's compensation insurance carrier.

24. As a result of her injuries, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

25. Following the injury, it became apparent to Maoz that Jaramillo had a viable claim for workmen's compensation benefits.

26. Jaramillo's workmen's compensation claims are a statutorily protected activity pursuant to Chapter 440, Florida Statutes.

27. Instead, Maoz terminated Jaramillo on October 30, 2019.

28. Subsequent to her termination by Maoz, she demanded in writing that a workmen's compensation claim be made on her behalf with Maoz's insurance carrier.

29. Maoz has refused to file a claim with its insurance carrier regarding Plaintiff's

workplace injuries.

30. All conditions precedent to bringing this lawsuit have been satisfied or waived.

31. Plaintiff has retained undersigned counsel to represent her in this litigation and has agreed to pay a reasonable fee for undersigned counsel's services.

## **COUNT I - MINIMUM WAGE VIOLATION**

32. Plaintiff re-alleges the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein and further alleges:

33. Defendants were also obligated to compensate Plaintiff at least minimum wage for all hours worked under 29 USC § 206(a).

34. By failing to pay compensation due under the FLSA to Plaintiff, Defendants willfully and knowingly violated the provisions of the FLSA which require overtime compensation be paid to all non-exempt employees.

35. As a result of Defendants' willful and unlawful practice of paying less than the required rate and amount, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully requests that this Court award her compensatory damages, including all compensation owed, all interest on all compensation accruing from the date such amounts were due, liquidated damages in an amount equal to the compensation shown to be owed pursuant to 29 U.S.C. § 216(b), attorneys' fees under the Fair Labor Standards Act against Defendants, and such other monetary and equitable relief as this Court deems just and proper.

## **COUNT II - OVERTIME COMPENSATION UNDER THE FLSA**

36. Plaintiff re-alleges the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein and further alleges:

37. Defendants were obligated to compensate Plaintiff for all hours in excess of forty

(40) hours per week at the statutory rate of one and one-half times her regular rate pursuant to 29 USC § 207.

38. Plaintiff was regularly required to work in excess of forty (40) hours per week but was not paid the appropriate statutory rate for such work.

**WHEREFORE**, Plaintiff respectfully requests that this Court award her compensatory damages, including all overtime compensation owed, all interest on all compensation accruing from the date such amounts were due, liquidated damages in an amount equal to the compensation shown to be owed pursuant to 29 U.S.C. § 216(b), attorney's fees under the Fair Labor Standards Act against Defendants, and such other monetary and equitable relief as this Court deems just and proper.

## COUNT III - RETALIATION

39. Plaintiff re-alleges the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein and further alleges:

40. Jaramillo, upon becoming injured while performing her employment duties and services for Maoz, established a right to claim under Florida's Workers' Compensation Law, Chapter 440, *et seq*.

41. Following Jaramillo's ability to claim under the Workers' Compensation Law, she was terminated from her employment by Maoz.

42. Defendant's treatment of Plaintiff constitutes a retaliatory personnel action against Plaintiff in violation of Section 440.205, Fla. Stat. That statute prevents an employer from taking retaliatory action against an employee "by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

43. Defendant intentionally took retaliatory action against Plaintiff because she exercised her lawful right to seek workman's compensation benefits.

44. Maoz's termination of Plaintiff is unlawful as it constitutes illegal retaliation against Plaintiff, in violation of Section 440.205, Fla. Stat., was willful, malicious and taken with reckless indifference to Plaintiff's rights.

45. As a result of Defendant's unlawful, retaliatory conduct, Plaintiff has suffered damages, including (without limitation) economic and emotional damages.

46. Plaintiff has lost her employment and rights to benefits provided under her employment at Maoz.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, Maoz, Inc., for damages, interest, costs and attorneys' fees and such further relief that this Court deems just and proper.

## COUNT IV - VIOLATION OF 26 U.S.C. §7434

47. Plaintiff re-alleges and reincorporates the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

48. IRS Form W-2 constitutes an information return as contemplated by 26 U.S.C. §7434.

49. Defendant Maoz issued one or more IRS Form W-2 and/or other information returns regarding taxable wage payments made to Plaintiff by Defendant Maoz.

50. The information returns issued by Defendant Maoz were fraudulent in that they incorrectly reported the amount of compensation paid to Plaintiff.

51. Plaintiff's classification as an employee of Defendant Maoz required that Maoz report and submit payroll taxes for all compensation due to the Plaintiff.

52. Defendant Maoz willfully and intentionally issued fraudulent information returns for the express purpose of unlawfully evading its rightful tax burden and shifting it to Plaintiff.

53. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant Maoz's unlawful business practices unless and until this Honorable Court grants the relief requested herein.

54. A copy of this Complaint is being filed with the Internal Revenue Service as required by the statute.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award in favor of Plaintiff and against Defendant Maoz, Inc. any actual and/or statutory damages incurred as a result of Defendant Maoz's unlawful conduct as described; award Plaintiff the costs of this action, together with reasonable attorney's fees; and grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims so triable.

Dated: January 9, 2020

    Respectfully submitted,

    ANNESSER ARMENTEROS, PLLC
    *Attorneys for Plaintiff*
    2525 Ponce de Leon Blvd, Suite 625
    Coral Gables, FL  33134
    (786) 600-7446   Telephone
    (786) 607-3022   Facsimile
    miguel@aa-firm.com
    lconley@aa-firm.com
    service@aa-firm.com

    By: */s/ Miguel Armenteros*
        Miguel Armenteros, Esq.
        Fla. Bar No. 14929