UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20106-Civ-WILLIAMS

GERALDINE JARAMILLO,

    Plaintiff,

v.

MAOZ, INC., and MAOZ DRUSKIN,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTION TO DISMISS**

This matter is before the Court on Maoz, Inc.'s and Maoz Druskin's ("Defendants") motion to dismiss [D.E. 8] Geraldine Jaramillo's ("Plaintiff" or "Jaramillo") complaint. Plaintiff filed this action on January 9, 2020 against Defendants for violations of (1) the Fair Labor Standards Act ("FLSA"), (2) Florida statutory retaliation law, and (3) the U.S. Internal Revenue Code. [D.E. 1]. Plaintiff responded to Defendants' motion on February 25, 2020 [D.E. 11], and no reply brief was filed.[1] The matter is now fully briefed and ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Defendants' motion to dismiss the complaint should be **GRANTED.**

---

[1]     The Honorable Judge Kathleen M. Williams referred the motion to the undersigned on March 4, 2020. [D.E. 13].

To the extent the pleading deficiencies identified herein are subject to cure, Plaintiff should be given leave to file an amended complaint.

## I. FACTUAL BACKGROUND

Jaramillo worked as a salesperson at one of Defendants' sunglass and optical lens stores in south Florida from February 2017 to October 30, 2019. [D.E. 1 at ¶7, 8, 27]. Over the course of her employment, Defendants' allegedly failed to pay Jaramillo both minimum and overtime wages in violation of the FLSA. *Id.* at ¶ 10, 11. Defendants, while paying Jaramillo, allegedly issued to her one or more inaccurate W-2 Forms to avoid paying payroll taxes in violation of 26 U.S.C. § 7434. *Id.* at ¶ 49, 52. Then on October 18, 2019, Jaramillo suffered a work-related injury and subsequently requested that Defendants' file a worker's compensation claim. *Id.* at ¶ 21, 23. According to Jaramillo, once Defendants realized Jaramillo had a viable worker's compensation claim, they terminated her employment in violation of Florida Statute Section 440.205. *Id.* at ¶ 25, 27, 43.

Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the complaint because Plaintiffs failed to allege a factually plausible basis for Jaramillo to be deemed a covered "employee" under the FLSA, either under individual coverage or enterprise coverage. Defendants also move to dismiss the claim that they violated 26 U.S.C. § 7434 for failure to state a claim. Finally, Defendants challenge the Florida retaliation claim for lack of supplemental jurisdiction, arguing that this claim does not arise from the same nucleus of operative facts as Jaramillo's federal counts under the FLSA.

In opposition to the motion, Jaramillo argues that: (1) the complaint adequately alleges coverage under the FLSA; (2) she sufficiently alleges violations of 26 U.S.C. § 7434; and (3) her FLSA claims arise from the same common nucleus of facts as her Florida retaliation claim; thus, permitting the exercise of supplemental jurisdiction.

## II.  LEGAL STANDARD

In ruling on a defendant's motion to dismiss, a court takes the allegations in the complaint as true and construes the allegations "in the light most favorable to the plaintiff[ ]." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citing *Hoffman–Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "When considering a motion to dismiss, all facts set forth in [a plaintiff's] complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ." *Twombly*, 550

U.S. at 555 (internal citations and quotations omitted) (alteration in original). "To survive a motion to dismiss, a complaint must contain sufficient factual matter." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (alteration in original). Factual content gives a claim facial plausibility. *Id.* "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [a plaintiff]." *Peterson v. Atl. Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

In FLSA actions in particular, a mere recitation of the FLSA statutory language is not sufficient. *See, e.g., Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377-78 (S.D. Fla. 2012) (but noting, "to properly allege individual or enterprise coverage, the plaintiff need not do much"). And a simple case of unpaid overtime is not complicated to plead. *See U.S. Sec'y of Labor v. Labbe,* 319 Fed. App'x. 761, 763 (11th Cir. 2008) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward.").

### III. ANALYSIS

#### A. *FLSA Coverage*

Federal question jurisdiction is alleged to exist in this case under the FLSA. The FLSA requires an employer to pay an employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298

4


(11th Cir. 2011); *see also* 29 U.S.C. § 207(a). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis*, 662 F.3d at 1298. "This requires a showing that the jurisdictional prerequisite of 'interstate commerce' exists in a given case, a showing that may be made one of two ways—enterprise coverage or individual coverage." *Dimingo v. Midnight Express, Inc.*, 2018 WL 770478, at *2 (S.D. Fla. Jan. 16, 2018).

In neither her complaint nor response, Plaintiff does not distinguish if the FLSA coverage she alleges is derived from either individual and/or enterprise coverage. Therefore, we will address both types of coverage, beginning with individual coverage.

An employee may claim individual coverage if she regularly and directly participates in the actual movement of things or persons in interstate commerce. *See Josendis*, 662 F.3d at 1298. Thus, an employee must allege that she was "directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in [her] work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne v. All Restoration Serv., Inc.*, 448 F.3d, 1264, 1266 (11th Cir. 2006) (citations omitted).

Here, the allegations of individual coverage in the complaint are clearly barebones, if existent at all. The allegations include that Jaramillo was a salesperson

5

at a sunglass and optical lens store, and "Defendants . . . 'engaged in commerce' within the meaning of 29 U.S.C. §§ 207(a)(1) of the FLSA." [D.E. ¶ 1]. This is it. Nowhere does the complaint allege that, as a salesperson, Jaramillo used the instrumentalities of interstate commerce to regularly and directly perform her tasks. Such sparse allegations are clearly not enough to meet even the minimum requirements of the FLSA pleading standard. *See Garcia v. Halpern LTO, LLC*, 2014 WL 12600055, at \*2 (S.D. Fla. Apr. 7, 2014) (finding a plaintiff did not establish individual coverage by only pleading the following: "[t]hroughout Plaintiff's employment with Defendants, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s)").

In her response, Plaintiff cites to a string of cases where the courts determined that it was plausible interstate commerce existed, but in each one, the plaintiffs pled more facts alleging FLSA coverage. *Cf. Kinzer v. Stelling*, 2012 WL 1405694, at \*2-3 (M.D. Fla. Mar. 28, 2012) ("operated a retail gas station/automotive repair shop/convenience store and repaired automobiles and sold gasoline and other consumable items that had traveled in interstate commerce"); *Gonzalez v. Unidad of Miami Beach, Inc.*, 2011 WL 2983671 (S.D. Fla. July 22, 2011) ("[defendant was an] enterprise engaged in commerce or in the production of goods for commerce who regularly orders goods and materials that come from outside the State of Florida and whose gross revenues for 2009 exceeded $500,000 per year") (internal quotations omitted).

The complaint should thus be dismissed to the extent that Plaintiff intended to raise individual coverage in this case. *See, e.g., Villafana v. Our Children's Planet Corp.,* 2016 WL 3470013, at *2 (S.D. Fla. Mar. 24, 2016) (dismissing individual coverage claims under the FLSA); *Bautista v. Tadala's Nursery, Inc.,* 34 F. Supp. 3d 1229, 1240 (S.D. Fla. 2014); *Ceant,* 874 F. Supp. 2d at 1377-79 ("nowhere in the Complaint does he say the nature of his work as a driver and whether it involved a connection to interstate commerce. Nor does the Complaint allege what kind of transportation services [defendant] provides to customers or whether such services are tied to interstate commerce.").

Plaintiff also fails to plead any facts to support the existence of enterprise coverage. "[A]n employee may . . . be covered by FLSA though 'enterprise coverage' if her employer: '(1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually.'" *Josendis*, 662 F.3d at 1298. Plaintiff does not factually allege any nexus between her employment and interstate commerce sufficient to satisfy the first or second prong of enterprise coverage. *See Sarria v. La Canasta Latina Corp.*, 2015 WL 12862717, at *2 (S.D. Fla. Oct. 8, 2015) (dismissing FLSA complaint for failure to state a claim where plaintiff's allegations of interstate commerce under enterprise coverage theory "amount[ed] to a mere form complaint").

### B. *26 U.S.C. § 7434*

Defendants argue that Jaramillo fails to state a claim under 26 U.S.C. § 7434.[2] Section 7434 provides, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." To establish a claim of tax fraud under Section 7434, Plaintiff must prove: (1) Defendants issued an information return; (2) the information return was fraudulent; and (3) Defendants willfully issued a fraudulent information return. *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297-98 (S.D. Fla. 2014) (citing *Seijo v. Casa Salsa, Inc.,* 2013 WL 6184969, at *7 (S.D. Fla. Nov. 25, 2013).

While case law in Florida discussing the pleading standard for filing fraudulent tax returns under Section 7434 is sparse, persuasive cases from this District and courts around the country have found that a Section 7434 cause of action must contain specific factual allegations akin to the heightened standard of Federal Rule of Civil Procedure 9(b). *See, e.g.*, *Leon,* 51 F. Supp. 3d at 1298 (dismissing a Section 7434 claim for not pleading "specific allegations" for the element of "willfully"

---

[2] Defendants argument completely focuses on facts and cases surrounding 1099 Forms. However, the complaint never mentions a 1099 Form. It appears Defendants misread the complaint or copied an argument from an irrelevant precedent. But, because Defendants have at least attempted to challenge the elements of the claim, the Court still considers if Plaintiff has a stated a claim upon which relief can be granted.

filing fraudulent tax information); *Vandenheede v. Vecchio*, 541 Fed. App'x. 577, 580 (6th Cir. 2013); *Granado v. Comm'r*, 792 F.2d 91, 93 (7th Cir. 1986). Therefore, the pleading of a 26 U.S.C. § 7434 violation must contain specific allegations regarding the "who," "what," "when," "why," and "how" surrounding the actual filing of tax information. *See Diaz v. In Season Distrib.*, 2016 WL 4401141, at *2 (S.D. Fla. Aug. 17, 2016) (adopting a higher pleading standard for a Section 7434 cause of action) (citing *Bolling v. PP&G Inc*, 2015 WL 9255330 (D. Md. Dec. 17, 2015) (same).

In this case, Plaintiff pleads:

> Defendant Maoz issued one or more IRS Form W-2 and/or other information returns regarding taxable wage payments made to Plaintiff by Defendant Maoz. The information returns issued by Defendant Maoz were fraudulent in that they incorrectly reported the amount of compensation paid to Plaintiff. Plaintiff's classification as an employee of Defendant Maoz required that Maoz report and submit payroll taxes for all compensation due to the Plaintiff. Defendant Maoz willfully and intentionally issued fraudulent information returns for the express purpose of unlawfully evading its rightful tax burden and shifting it to Plaintiff.

With respect to the first element, a W-2 Form is an information return. *See* 26 U.S.C. § 6724(d)(1)(A); *Caraballo v. Double L Enter., LLC*, 2016 WL 1084809, at *3 (M.D. Fla. Feb. 25, 2016), *report and recommendation adopted*, 2016 WL 1108977 (M.D. Fla. Mar. 18, 2016) ("Given [plaintiff's] allegations regarding [defendant's] willful failure to properly record, account for, and report to the IRS on [defendant's] W-2 Forms all of the monies paid to [plaintiff] during his employment . . .[plaintiff] established . . . the relief requested . . .under 26 U.S.C. § 7434(b)").

"When" the alleged fraudulent W-2 Forms were issued, however, is unknown. This is fatal to Jaramillo's cause of action because "without specific facts as to the

who, what, when, why or how surrounding the actual filing of returns – [the claim] does not meet the standard for pleading tax fraud. *Leon*, 51 F. Supp. 3d at 1298; *cf. Diaz*, 2016 WL 4401141, at *2 (denying motion to dismiss Section 7434 claim when complaint provided each year the W-2 Forms were issued); *Bolling*, 2015 WL 9255330, at *7 (same).

Further, for the second element, Plaintiff provides no factual support that Defendant Druskin was a filer of the alleged fraudulent W-2 Forms, let alone a knowing filer of a fraudulent form. Plaintiff only alleges that Defendant Druskin controlled the financial aspects of Defendant Moaz and its purse strings but does not allege facts that Defendant Druskin issued any tax information form.

Accordingly, the claim that Defendant Druskin violated 26 U.S.C. § 7434 should fail for not pleading specific factual allegations, and the claim that Defendant Maoz violated the tax code should also fail.

## IV.   CONCLUSION

For the foregoing reasons, we **RECOMMEND** that Defendants' motion to dismiss [D.E. 8] the complaint should be **GRANTED with leave to amend**. The Court passes no judgment on Defendants' arguments relating to supplemental jurisdiction because we have dismissed Plaintiff's federal claims.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have twenty-one (21) days from service of this Report and Recommendation within which to file written objections, if any, with the Honorable Judge Kathleen M. Williams. The Court finds good cause based on the existing exigent circumstances

involving the national health emergency to grant additional time for the filing of objections as per Rue 4(b). Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 2nd day of April, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

11