# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20106-Civ-WILLIAMS/TORRES

GERALDINE JARAMILLO, an individual,

    Plaintiff,

v.

MOAZ, INC., a Florida corporation; and
MOAZ DRUSKIN, an individual,

    Defendants.
_____/

# REPORT AND RECOMMENDATION
# ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Maoz, Inc.'s and Maoz Druskin's ("Defendants") motion to dismiss [D.E. 27] Geraldine Jaramillo's ("Plaintiff" or "Jaramillo") complaint. Plaintiff filed this action on January 9, 2020 against Defendants for violations of (1) the Fair Labor Standards Act ("FLSA"), (2) Florida statutory retaliation law, and (3) the U.S. Internal Revenue Code. [D.E. 1]. Defendant filed a motion to dismiss on February 11, 2020. [D.E. 8]. The court granted the motion. [D.E. 19]. Plaintiff filed an amended complaint on May 11, 2020. [D.E. 24]. Defendant filed a second motion to dismiss on May 26, 2020. [D.E. 27]. Plaintiff responded to Defendants' motion on June 9, 2020 [D.E. 28], and no reply brief was filed. The matter is now fully briefed and ripe for disposition. After careful consideration of the motion,

response, relevant authority, and for the reasons discussed below, Defendants' motion to dismiss the complaint should be **GRANTED** in part and **DENIED** in part.

## I. FACTUAL BACKGROUND

Jaramillo worked as a salesperson at one of Defendants' sunglass and optical lens stores in south Florida from February 2017 to October 30, 2019. [D.E. 24 at ¶7, 8, 27]. Over the course of her employment, Defendants allegedly failed to pay Jaramillo both minimum and overtime wages in violation of the FLSA. *Id.* at ¶ 10, 11. Plus, Defendants, while paying Jaramillo, allegedly issued to her one or more inaccurate W-2 Forms to avoid paying payroll taxes in violation of 26 U.S.C. § 7434. *Id.* at ¶ 54, 56. Then on October 18, 2019, Jaramillo suffered a work-related injury and subsequently requested that Defendants' file a worker's compensation claim. *Id.* at ¶ 26, 28. According to Jaramillo, once Defendants realized Jaramillo had a viable worker's compensation claim, they terminated her employment in violation of Florida Statute Section 440.205. *Id.* at ¶ 30, 32, 46.

Notwithstanding these allegations, Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the complaint because Plaintiffs failed to allege a factually plausible basis for Jaramillo to be deemed a covered "employee" under the FLSA, either under individual coverage or enterprise coverage. Defendants also challenge the Florida retaliation claim for lack of supplemental jurisdiction, arguing that this claim does not arise from the same nucleus of operative facts as Jaramillo's federal counts under the FLSA. Finally, Defendants move to dismiss the

claim that they violated 26 U.S.C. § 7434 for failure to state a viable claim under the statute.

## II. LEGAL STANDARD

In ruling on a defendant's motion to dismiss, a court takes the allegations in the complaint as true and construes the allegations "in the light most favorable to the plaintiff[ ]." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citing *Hoffman–Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "When considering a motion to dismiss, all facts set forth in [a plaintiff's] complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted) (alteration in original). "To survive a motion to dismiss, a complaint must contain sufficient factual matter." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*,

550 U.S. at 557 (alteration in original)). Factual content gives a claim facial plausibility. *Id.* "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [a plaintiff]." *Peterson v. Atl. Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

In FLSA actions in particular, though quite common in practice, a mere recitation of the FLSA statutory language is not sufficient under the law. *See, e.g., Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377-78 (S.D. Fla. 2012) (but noting, "to properly allege individual or enterprise coverage, the plaintiff need not do much"). And a simple case of unpaid overtime is not complicated to plead. *See U.S. Sec'y of Labor v. Labbe,* 319 F. App'x. 761, 763 (11th Cir. 2008) ("Unlike the complex antitrust scheme at issue in Twombly that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward.").

### III.   ANALYSIS

#### A. *FLSA Coverage*

Federal question jurisdiction is alleged to exist in this case under the FLSA. The FLSA requires an employer to pay an employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *See Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011) (citing 29 U.S.C. § 207(a)). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis*, 662 F.3d at 1298. "This requires a showing that the jurisdictional

prerequisite of 'interstate commerce' exists in a given case, a showing that may be made one of two ways—enterprise coverage or individual coverage." *Dimingo v. Midnight Express, Inc.*, 2018 WL 770478, at *2 (S.D. Fla. Jan. 16, 2018).

An employee may claim individual coverage if she regularly and directly participates in the actual movement of things or persons in interstate commerce. See *Josendis*, 662 F.3d at 1298. Thus, an employee must allege that she was "directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in [her] work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne v. All Restoration Serv., Inc.*, 448 F.3d, 1264, 1266 (11th Cir. 2006) (citations omitted).

Here, Plaintiff's complaint adequately alleges individual coverage under the FLSA. Plaintiff alleges that she regularly handled, sold, and worked on sunglasses and accessories and utilized the U.S. Mail and other courier systems to send goods through interstate commerce. Because Plaintiff need only provide a straightforward allegation connecting her work to interstate commerce, Plaintiff has adequately alleged individual coverage. S*ee Ceant v. Aventura Limo. & Transp. Serv., Inc.,* 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012*)* (finding that to properly allege individual or enterprise coverage the Plaintiff needs to allege the nature of his work and provide only straightforward allegations connecting that work to interstate commerce); *compare DeJean v. HLM Protective Service, Inc.,* No. 17-61291, 2017 WL 4876298, at

\*2 (S.D. Fla. Oct. 27, 2017) (finding the plaintiff failed to allege individual coverage where the plaintiff did not allege any facts about his work in connection to interstate commerce), *with Gonzalez v. San Sebastian Custom Woodwork Corp.,* No. 12-21804, 2012 WL 13170881, at \*3 (S.D. Fla. Dec. 31, 2012) (finding plaintiff adequately pled individual coverage where the plaintiff alleged that he used materials and goods that had moved through interstate commerce prior to and/or subsequent to plaintiffs' use of the same).

While Defendants properly rely on the principle that the mere usage of U.S. mail with no connection to interstate commerce is insufficient to invoke individual coverage, here Plaintiff did more than that. She does not merely allege that she used the U.S. mail to send goods; she further alleged that she used the U.S. mail to actually send goods themselves through interstate commerce. Therefore, Plaintiff's usage of an instrumentality of commerce is adequately connected to its use in interstate commerce. *Cf. Amadon v. Delivery Dudes, LLC,* No. 16-62329, 2017 WL 7792707, at \*3 (S.D. Fla. Mar. 3, 2017) (finding that plaintiff failed to allege individual coverage because he only alleged using a telephone and internet without a straightforward allegation connecting it to interstate commerce); *Schamis v. Josef's Table, LLC,* No. 12-80638, 2014 WL 1463494, at \*4 (S.D. Fla. Apr. 15, 2014) (finding plaintiff did not allege individual coverage where plaintiff alleged he engaged in interstate credit card transactions rather than that he used credit cards to transact business in interstate commerce).

Defendant also argues that Plaintiff cannot allege that the sunglasses moved out of state after she handled them because Defendant was an end-consumer and not a wholesaler that shipped sunglasses out of state. However, whether Plaintiff's allegations ultimately prove to be true on the merits does not need to be decided now. We only find now that a plausible theory of individual coverage exists based on these non-conclusory factual allegations. Defendant's introduction of additional facts to defend against this theory is not proper at the motion to dismiss stage.

Turning to the additional allegations of coverage under the enterprise provisions of the FLSA, Defendant is right on this score. Plaintiff failed to plead facts to support the existence of enterprise coverage. "[A]n employee may . . . be covered by FLSA though 'enterprise coverage' if her employer: '(1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually.'" *Josendis*, 662 F.3d at 1298.

Plaintiff's complaint fails to state a claim for enterprise coverage—with respect to the first prong—because Plaintiff failed to allege that two or more of Defendants' employees were engaged in commerce. Plaintiff only alleges that she handled, sold, and worked on sunglasses and accessories that had been shipped for sale in commerce, utilized the point of sale units at Defendants' stores to complete sales, utilized the U.S. Mail and other courier systems to send goods through interstate commerce, and received goods at the store that moved in commerce. This

is not enough to allege the requirement of two or more employees. *See Villafana v. Our Children's Planet Corp.,* No. 15-23432, 2016 WL 3470013, at *3 (S.D. Fla Mar. 24, 2016) (finding that the plaintiff failed to properly allege enterprise coverage where the plaintiff did not allege how many employees beside the plaintiff handled the materials); *Saunders v. Amplus Air Conditioning Contractor, Inc.,* No. 19-62450, 2020 WL 1452364, at *6 (S.D. Fla. Mar. 25, 2020) (finding that the plaintiff failed to properly allege enterprise coverage where the complaint did not allege "generally the number of workers employed by defendants nor set forth facts for the court to reasonably infer that two or more employees were engaged in interstate commerce"); *Gurgel v. Boss Rain Forest Pet Resort, Inc.,* No. 16-62819, 2017 WL 7796318, at *3 (S.D. Fla. Feb. 10, 2017) (finding that the plaintiff failed to adequately allege enterprise coverage where plaintiff failed "to plead at least two of defendants' employees were engaged in interstate commerce or handled goods or materials that have moved in interstate commerce on a regular and recurrent basis"). However, because Plaintiff adequately pled individual coverage under the FLSA, Defendant's motion to dismiss on this count should still be denied.

### B. *Supplemental Jurisdiction*

Federal Courts with original jurisdiction on a claim can exercise supplemental jurisdiction over any claim so related to the claims in the action that they form part of the same case or controversy. 28 U.S.C. § 1367. On the other hand, the exercise of supplemental jurisdiction is not mandatory. Courts may decline to exercise supplemental jurisdiction over a claim if it a) raises a novel or

complex issue of state law, b) substantially predominates over the claim or claims over which the district court has original jurisdiction, c) the district court has dismissed all claims over which it has original jurisdiction, or d) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). If any of the above conditions are present, the court can then consider other factors including judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together when determining whether to exercise supplemental jurisdiction. *See Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559 (11th Cir. 1994).

The Court agrees with Defendants that Plaintiff's state-law claim for worker's compensation retaliation under section 440.205, Fla. Stat. is not so closely related to Plaintiff's FLSA claim to warrant our assertion of jurisdiction. Plus ,it does not form part of the same case or controversy. Therefore, the Court should not exercise supplemental jurisdiction over the state law claim.

While both Plaintiff's FSLA claim and Florida Retaliation claim arise from the relationship between Plaintiff and Defendants as employer and employee, this is not enough to form part of the same case or controversy. Plaintiff's complaint alleges that Plaintiff was injured while performing her employment duties and was fired because of her viable claim for workmen's compensation benefits. The circumstances surrounding Plaintiff's injury and termination are not relevant to whether Plaintiff is entitled to minimum wage and overtime pay under FLSA and so these claims would not involve similar evidence, witnesses or facts. Accordingly, Plaintiff's FLSA and

state law claim does not arise out of the same case or controversy. *See Arisme v. Faver, Inc.,* No. 12-21605, 2012 WL 12883331, at *2 (S.D. Fla Jun. 27, 2012) (finding an insufficient nexus between plaintiff's retaliatory discharge claim and his FLSA claim to justify supplemental jurisdiction where the claims would have different evidence, witnesses and facts and the only commonality was the employment relationship); *Ramirez v. Casablanca Fish Market, Inc.,* No. 07-20237, 2008 WL 595847, at *1 (S.D. Fla. Mar. 4, 2008) (dismissing the worker's compensation claim for lack of supplemental jurisdiction where the only evidence relevant to both the workers' compensation and FLSA claims was the employee/employer relationship); *Veloza v. Canterbury Lamp Shade Studio, Inc.,* No. 17-61273, 2017 WL 7726702, at *2 (S.D. Fla. Oct. 12, 2017) (dismissing the state-law retaliation claim for lack of supplemental jurisdiction where the FLSA claim would revolve around the plaintiff's status as an non-exempt employee, the number of hours worked, and hourly wage and the retaliation claim would focus on the circumstances of his termination).

### C. *Violation of 26 U.S.C. §7434*

Defendants finally argue that Plaintiff fails to state a claim under 26 U.S.C. § 7434. Section 7434 provides, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." To establish a claim of tax fraud under section 7434, Plaintiff must prove: (1) Defendants issued an information return; (2) the information return was fraudulent; and (3) Defendants willfully issued a fraudulent information return. *Leon v. Tapas &*

*Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297-98 (S.D. Fla. 2014) (citing *Seijo v. Casa Salsa, Inc.*, 2013 WL 6184969, at *7 (S.D. Fla. Nov. 25, 2013)).

While case law in our Circuit addressing the pleading standard for filing fraudulent tax returns under section 7434 is sparse, persuasive cases from this District and courts around the country have found that a section 7434 cause of action must contain specific factual allegations akin to the heightened standard for fraud under Federal Rule of Civil Procedure 9(b). *See, e.g., Leon*, 51 F. Supp. 3d at 1298 (dismissing a section 7434 claim for not pleading "specific allegations" for the element of "willfully" filing fraudulent tax information); *Vandenheede v. Vecchio*, 541 F. App'x 577, 580 (6th Cir. 2013); *Granado v. Comm'r*, 792 F.2d 91, 93 (7th Cir. 1986). Therefore, the pleading of a 26 U.S.C. § 7434 violation must contain specific allegations regarding the "who," "what," "when," "why," and "how" surrounding the actual filing of tax information. *See Diaz v. In Season Distrib.*, 2016 WL 4401141, at *2 (S.D. Fla. Aug. 17, 2016) (adopting a higher pleading standard for a section 7434 cause of action) (citing *Bolling v. PP&G Inc,* 2015 WL 9255330 (D. Md. Dec. 17, 2015) (same)).

But even by this standard, Plaintiff has adequately pled the "who", "what", "when", "why", and "how" surrounding the actual filing of tax information to establish a violation of 26 U.S.C. § 7434. With respect to the first element, Plaintiff asserts that in 2017, 2018, and 2019, Defendant Moaz issued one or more IRS Form W-2 regarding taxable payments made to Plaintiff by Defendant Moaz. Further, for the second element, Plaintiff alleged that the information returns incorrectly reported the

amount of compensation paid to plaintiff. Finally, Plaintiff alleges that Defendant Moaz filed the returns to lessen and evade the payroll taxes associated with Plaintiff's employment. From these facts we can infer that Defendant Moaz willfully and intentionally issued a fraudulent information return. Accordingly, Plaintiff properly alleged a violation of 26 U.S.C. § 7434. *See Diaz v. In Season Distributors,* 2016 WL 4401141 at *2 (finding plaintiff adequately alleged a violation of 26 U.S.C. § 7434 where the plaintiff alleged that the defendant filed false annual tax returns in 2014 and 2015 and false IRS forms in 2014, 2015, and 2016 to shift the tax obligation to plaintiff and to not have to contribute social security by misclassifying plaintiff as an independent contractor); *Bolling v. PP&G,* 2015 WL 9255330 at *7 (finding the plaintiff adequately alleged a violation of 26 U.S.C. § 7434 where the plaintiff identified the "who" (defendant), "what" (false form W-2), "when" (every year of employment), "why" (to gain an unfair competitive advantage), and "how" (underreporting the plaintiffs' income)).

Defendant maintains, however, that Plaintiff must also have to allege what the correct amount should have been. But given the language of the statute and the manner in which that language has been interpreted, Defendant's proposed addition to the prima facie case is not necessary to survive a motion to dismiss. Plaintiff's allegation that that the information returns incorrectly reported the amount of compensation paid to Plaintiff should be enough at the motion to dismiss stage. *See Kinne v. IMED Health Products,* No. 18-62183, 2019 WL 2866787, at *3 (S.D. Fla. July 3, 2019) (finding the plaintiff adequately stated a claim for a violation of 26

U.S.C. § 7434 where the plaintiff contended that the defendant "misstated the amount of money paid"); *Bolling,* 2015 WL 9255330, at *7 (finding the plaintiff adequately stated a claim for a violation of 26 U.S.C. § 7434 where the plaintiff contended that the defendants underreported the plaintiffs' income). Defendant has not cited any binding or even persuasive caselaw in support of this specific position. We thus recommend that this theory should be rejected and the claim be allowed to proceed to further adjudication.

## IV.   CONCLUSION

For the foregoing reasons, we **RECOMMEND** that Defendants' motion to dismiss [D.E. 8] the complaint should be **GRANTED** in part and **DENIED** in part. The complaint should be dismissed without prejudice only as to the state law retaliation claim. The remaining claims should not be dismissed.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the Honorable Judge Kathleen M. Williams. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; see, e.g., *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 19th day of August, 2020.

                                                 */s/ Edwin G. Torres*
                                                EDWIN G. TORRES
                                                United States Magistrate Judge