UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-20106-CIV-WILLIAMS

GERALDINE JARAMILLO,

    Plaintiff,

vs.

MAOZ, INC., *et al.*,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Edwin G. Torres' Report and Recommendation ("Report") on Defendants Maoz, Inc.'s and Maoz Druskin's motion to dismiss Plaintiff Geraldine Jaramillo's amended complaint. (DE 35). In the Report, Judge Torres recommends that Defendants' motion to dismiss be granted in part and denied in part. Specifically, Judge Torres recommends that the complaint be dismissed without prejudice only as to the state law retaliation claim and that the remaining claims not be dismissed. Defendants did not file any objections to the Report. Plaintiff filed objections and a request for clarification, stating that she objects to the Report to the extent that it does not grant her leave to amend her complaint "in order to properly state enterprise coverage of the Defendants under the FLSA." (DE 36). Plaintiff's request for clarification relates to any leave to amend conflicting with the Court's May 1, 2020 deadline to amend pleadings.

    Plaintiff has already had an opportunity to amend her complaint to address the issue of enterprise coverage that she now wishes to resolve. On February 11, 2020, Defendants filed a motion to dismiss Plaintiff's first complaint. (DE 8). Judge Torres issued

a Report and Recommendation, recommending that Defendants' motion to dismiss be granted and that Plaintiff be given leave to file an amended complaint. (DE 19). In that Report, Judge Torres stated that Plaintiff failed to plead any facts to support the existence of enterprise coverage. Judge Torres specifically explained that Plaintiff did not "factually allege any nexus between her employment and interstate commerce sufficient to satisfy the first or second prong of enterprise coverage." *Id.* The Court adopted Judge Torres' Report and allowed Plaintiff to amend her complaint. (DE 23). Despite being advised that her initial pleading on enterprise coverage was insufficient, Plaintiff's amended complaint again failed to plead facts to support the existence of such coverage.[1] Accordingly, the Court does not find good cause to allow Plaintiff to file another amended complaint to replead the issue of enterprise coverage nearly five months after the deadline to amend pleadings has passed.

Upon an independent review of the Report, the record, and applicable case law, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Torres' Report (DE 35) is **AFFIRMED AND ADOPTED**.
2. Defendants Maoz, Inc.'s and Maoz Druskin's motion to dismiss (DE 27) is **GRANTED IN PART AND DENIED IN PART** as discussed in the Report.
3. Count III of the amended complaint is **DISMISSED WITHOUT PREJUDICE**.
4. Defendants shall file an answer to the remaining counts by October 9, 2020.

---

[1] The Court notes that Plaintiff in part argues that she should be granted leave to amend because the issues raised by Judge Torres in the second Report (DE 35) as to enterprise coverage under the FLSA were not previously raised in the first Report "such that it cannot be said that Plaintiff's prior amendment failed to cure such deficiency." (DE 36). As discussed above, Judge Torres specifically addressed Plaintiff's failure "to plead any facts to support the existence of enterprise coverage" in the first Report. Accordingly, Plaintiff's argument is unavailing.

**DONE AND ORDERED** in chambers in Miami, Florida this 25th day of September, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE